UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-89-PEP

MITCHELL STAMBAUGH,                                             PLAINTIFF,

V.                 **MEMORANDUM OPINION**
                         **AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                             DEFENDANT.

## I. INTRODUCTION

Plaintiff, Mitchell Stambaugh, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current disability application on November 5, 2001.[1] (Tr. 380-382.) The claim was denied initially and on reconsideration. (Tr. 354-361.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ"), was conducted on September 26, 2002. (Tr. 746-764.) Plaintiff, accompanied by his attorney, testified at the hearing. (Id.) Also testifying was vocational expert Dr. William J. Weikel (hereinafter "VE"). (Id.) On February 12, 2003, the ALJ found that Plaintiff was not disabled and did not qualify for a period of disability, disability insurance benefits, or supplemental security income. (Tr. 16-30.) The Appeals Council declined to review the ALJ's decision (Tr. 10-12) and Plaintiff now seeks judicial review.

Plaintiff was thirty-four years old at the time of the hearing decision. (Tr. 27.) Plaintiff has a high school education and his past relevant work experience consists of employment as a janitor and cook. (Tr. 386.) At the outset, the ALJ found that with respect to the application for a period of disability and disability insurance benefits, Plaintiff's disability insured status expired on March 31, 2001, see generally 20 C.F.R. §§ 404.130-404.132. (Tr. 19.) Because a prior adverse administrative

---

[1] Plaintiff filed one previous application on June 9, 1999. (Tr. 107-109.) That claim was denied initially and on reconsideration. (Tr. 71-74, 76-79.) On September 18, 2001, Administrative Law Judge John T. Yeary found that Plaintiff was not disabled. (Tr. 46-59.)

decision was issued on September 18, 2001, more than five months after the expiration of Plaintiff's disability insured status, the ALJ found that reexamination of Plaintiff's application for a period of disability and disability insurance benefits was barred by principles of res judicata, see 20 C.F.R. § 404.957(c)(1). (Tr. 19.) Thus, the ALJ limited his decision to Plaintiff's application for supplemental security income. (Id.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 416.920, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 7, 1996, the alleged onset date of disability. (Tr. 29.) At the second step, the ALJ found that Plaintiff's herniated lumbar disc, residuals from cervical discectomy, borderline intellectual functioning, and affective disorder were severe impairments within the meaning of the Regulations, see 20 C.F.R. § 416.920(c). (Tr. 29.) However, the ALJ found that Plaintiff's hearing loss was a non-severe impairment. (Tr. 22.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 29.) At the fourth step, the ALJ found that Plaintiff was unable to perform his past work. (Tr. 27.)

At the fifth and final step, relying on the testimony of the VE and taking into

3

consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3] (Tr. 27-30.) Accordingly, the ALJ found Plaintiff not to be disabled at step five of the sequential evaluation process. See 20 C.F.R. § 416.920(g). The Appeals Council denied Plaintiff's request for review and adopted

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] has the [RFC] to perform a limited range of light work including lifting and/or carrying up to twenty pounds occasionally and ten pounds frequently; standing and/or walking up to six hours in an eight-hour workday, sitting up to six hours in an eight-hour workday, but with the option to sit or stand at will. [Plaintiff] should never climb ropes, ladders, or scaffolds, only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; [Plaintiff should] avoid moderate exposure to noise, concentrated exposure to temperature extremes, humidity, vibrations, environmental pollutants and hazards, and [should] perform only simple repetitive tasks.

(Tr. 29.)

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In the instant case, at the light level fo exertion, the VE identified assembly work (500,000 jobs nationally and 40,000 jobs in the region of Kentucky, Ohio, Virginia, and West Virginia), packaging work (125,000 nationally and 10,000 regionally), and inspection work (35,000 nationally and 2,000 regionally) as jobs existing in significant numbers in the national economy that a person of Plaintiff's age, educational background, work experience, and assumed limitations could perform. (Tr. 761-762.)

the ALJ's decision as the final decision of the Commissioner on February 24, 2005. (Tr. 10-12.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record Nos. 3 and 8), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 13 and 14), which are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a

5

decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole claim of error on appeal is that the ALJ impermissibly relied on a consultative examination report rendered by Kimberly Unseld. According to Plaintiff, reliance on Ms. Unseld's report was improper because Ms. Unseld is not currently, nor has she ever been, a licensed psychologist.[4] In support of his argument,

---

[4] It should be noted that the consultative examination report is co-signed by Dr. Rodney E. Young, who is a licensed clinical psychologist. (Tr. 299.) However, it appears from the report that the examination was actually rendered by Ms. Unseld, and that Dr. Young merely reviewed the report after its completion. (Tr. 291-299.)

Plaintiff cites 20 C.F.R. § 416.919g(a), which provides that the Commissioner will purchase a consultative examination from a qualified medical source only. The Regulation defines a qualified medical source as a person currently licenced in the State. 20 C.F.R. § 416.919g(b).

Plaintiff's view with regard to the evidence that an ALJ may consider in rendering a disability determination is overly narrow. When the Commissioner determines that a consultative examination is needed to make a disability determination, 20 C.F.R. §§ 416.919-416.919t governs, among other things, the procedures involved in purchasing consultative examinations, the type of consultative examinations purchased, and the form and substance that consultative examinations must take. However, the Regulations do not speak to whether an ALJ may nonetheless consider a consultative examination purchased or rendered in violation of a provision in 20 C.F.R. §§ 416.919-416.919t.[5]

The more relevant Regulation to the issue presented in this case is 20 C.F.R. §

---

[5] One exception is 20 C.F.R. § 416.919o(b), which provides that unsigned or improperly signed consultative examination reports will not be used in certain types of disability decisions. However, to the extent that Plaintiff asserts an error in the development of his prior disability application because of Ms. Unseld's consultative examination, that issue is not before this Court. As the Defendant Commissioner properly points out, absent a colorable constitutional claim, this Court lacks jurisdiction to review a decision of the ALJ to invoke the doctrine of res judicata and refuse to reopen a previously denied application. See Kelly v. Apfel, 1998 U.S. App. LEXIS 30127 at *7-8 (6th Cir. Nov. 20, 1998); Luna v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 2633 at *3 (6th Cir. Feb. 3, 1990).

416.913, which governs medical and other evidence of impairments. 20 C.F.R. § 416.913 supplies an expansive approach with regard to the type of evidence that may be considered in a disability determination. The Regulation provides that in addition to evidence from an acceptable medical source[6], an ALJ many consider other sources for purposes of determining the severity of an impairment and its impact on a claimant's ability to work. 20 C.F.R. § 416.913(d). The Regulation includes quite an extensive, but not exhaustive, list of individuals qualifying as other sources: nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, therapists, school teachers, counselors, early intervention team members, developmental center workers, daycare center workers, public and private social welfare agency personnel, spouses, parents, caregivers, siblings, friends, neighbors, and clergy. Id.

It is apparent from the Regulation that an ALJ has wide latitude to consider evidence from a variety of sources in determining whether a claimant is disabled. The source Plaintiff challenges in this case, Ms. Unseld, holds a Masters degree in education and was at the time of the examination under the supervision of a licensed clinical psychologist. Even if the consultative examination was rendered in violation

---

[6] Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 416.913(a).

of 20 C.F.R. § 416.919g(a)-(b), Ms. Unseld certainly fits the profile of an "other source" under 20 C.F.R. § 416.913(d). Thus, the argument that the ALJ in the instant case could not have even considered Ms. Unseld's report in making a disability determination is untenable.

Covucci v. Apfel is factually similar to the present case. 2002 U.S. App. LEXIS 6254 (6th Cir. Apr. 3, 2002). In Covucci, the ALJ relied on the opinion of Jeffrey Long, who, like Ms. Unseld, had a Masters degree in education, to counterpose another doctor's more work-prohibitive assessment of the claimant's mental limitations. Id. at *8-9. Despite the fact that the ALJ incorrectly referred to Mr. Long as a medical doctor, the Sixth Circuit affirmed the ALJ's decision finding the claimant not disabled. Id. at *9-12. Citing 20 C.F.R. § 404.1513(d)[7], the Court stated that "Long's lack of a medical degree does not render his opinion inadmissible." Id. at *9. The Court also noted that Mr. Long's diagnosis substantially paralleled the diagnosis of an examining physician and was consistent with the findings of a State agency consultant. Id. The fact that Mr. Long's diagnosis was supported by other medical evidence in the record appears to have alleviated any concern the Court may have had

---

[7] The Commissioner has promulgated parallel Regulations governing disability determinations under Title II and Title XVI of the Social Security Act. See 20 C.F.R. ch. III, pts. 404, 416. Thus, citation to 20 C.F.R. § 404.1513(d) is in effect also a citation 20 C.F.R. § 416.913(d), the Title XVI counterpart.

with the ALJ's reliance on Mr. Long's diagnosis and mischaracterization of his credentials.

Similarly, the fact that Ms. Unseld was not a certified psychologist does not remove her report from the range of evidence that the ALJ could have considered in making a disability determination. In accordance with 20 C.F.R. § 416.913(d), the ALJ was entitled to consider Ms. Unseld's report as "other evidence" for the purposes of determining the severity of Plaintiff's mental impairments and their impact on Plaintiff's ability to work.

Additionally, as in Covucci, Ms. Unseld's report is consistent with other evidence relied upon by the ALJ. Ms. Unseld opined that with a successful reentry into the employment system, Plaintiff's overall prognosis was fair to good. (Tr. 298.) Other evidence in the record present a similar view that Plaintiff had no more than mild mental limitations. Dr. Rigby, a licensed psychologist, opined that Plaintiff had good ability to understand, retain, and follow instructions; good ability to sustain attention; good ability to relate to others, including fellow workers and supervisors; and fair ability to tolerate the stress and pressures of work activity. (Tr. 664.) Dr. Pruitt, a State agency consultant, opined that Plaintiff was only moderately limited in the ability to understand, remember, and carry out detailed instructions. (Tr. 690.) Dr. Pruitt concluded that Plaintiff had the capacity to understand and carry out simple

repetitive tasks. (Tr. 692.) Dr. Demaree, another State agency consultant, also opined that Plaintiff was only moderately limited in the ability to understand, remember, and carry out detailed instructions. (Tr. 709.) Additionally, Dr. Demaree opined that Plaintiff was only mildly limited in the ability to maintain concentration, persistence, pace, and social functioning, and only moderately limited in the ability to perform activities of daily living. (Tr. 704.)

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In the instant case, substantial evidence exists in the record to support the ALJ's findings with regard to Plaintiff's mental limitations. So long as the hypothetical question posed to the VE accurately portrays a claimant's individual impairments, the testimony of the VE constitutes substantial evidence for the finding that a claimant is capable of adjusting to work found in significant numbers in the national economy. Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Nykiel v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 20152 at *8 (6th Cir. Nov. 14, 1990).

In this case, because the RFC assessment was supported by substantial evidence in the record, the hypothetical question was an accurate portrayal of Plaintiff's physical and mental limitations. Thus, the testimony of the VE serves as substantial

11

evidence for the ALJ's finding that Plaintiff was capable of adjusting to work found in significant numbers in the national economy; and in turn, serves as substantial evidence for the ALJ's finding that Plaintiff was not disabled.

### IV. CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant Commissioner's motion for summary judgment (Record No. 14) is hereby GRANTED.

(2) Plaintiff's motion for summary judgment (Record No. 13) is hereby DENIED.

(3) Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the court's docket.

Signed December 16, 2005.



Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: